IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS SANCHEZ,

        Plaintiff,

vs.   No. CIV 20-1208 JB/JHR

CITY OF ALBUQUERQUE and JOHN DOES,
bus drivers,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff City of Albuquerque's Opposed Motion and Memorandum to Dismiss Plaintiff's Complaint, filed November 25, 2020 (Doc. 5)("MTD").  The Court held a hearing on this matter on September 23, 2021.  See Notice of Motion Hearing on City of Albuquerque's Opposed Motion and Memorandum to Dismiss Plaintiff's Complaint scheduled for 9/23/2021, filed September 20, 2021 (Doc. 15).  The primary issue is whether the Court should dismiss Plaintiff Thomas Sanchez' claims against Defendant City of Albuquerque and its unnamed bus drivers under rule 12(b)(6) of the Federal Rules of Civil Procedure, because they are vague, conclusory, or barred as a matter of law.  The Court concludes that Sanchez fails to state a viable claim for relief under the Americans with Disabilities Act[1] ("ADA"), so it lacks jurisdiction over Sanchez' remaining State claims.  The Court, therefore, will grant the MTD with respect to Sanchez' ADA claim and remand the remaining claims to State court.  See Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1331.

---

[1] 42 U.S.C. §§ 12101-12213.

On November 18, 2020, the City of Albuquerque removed this case to the United States District Court for the District of New Mexico.  See Notice of Removal, filed November 18, 2020 (Doc. 1)("Removal Notice").  In the original State-court Complaint for Damages for Personal Injuries ¶¶ 10, 16, at 2-3, filed November 18, 2020 (Doc. 1-2)("Complaint"), Sanchez states that he is blind and suffers from posttraumatic stress disorder.  Sanchez alleges that he is a "frequent transit user and is well acquainted with the area of where he entered the bus on his usual routes." Complaint ¶ 11, at 2.  In the Complaint, Sanchez contends that he was harmed on three occasions: (i) on or about September 5, 2018, the bus driver on Bus 66 "refused to communicate" with him; (ii) on September 7, 2018, Sanchez was "being treated poorly [and] ignored," the bus driver gave him the wrong directions to Sonic Drive-In, and the bus began to move before Sanchez could find a seat, which caused Sanchez to "panic[]" and "experienc[e] vertigo"; and (iii) on some unknown day, Sanchez tripped on a "very congested bus," and was "not able to get any assistance or relief from his trauma and had to remain on the bus, attempt to compose himself and was eventually able to get himself off the bus."  Complaint ¶¶ 12-15, at 2-3.  Sanchez states that he had to contact his psychiatrist and receive medical treatment because of the "episode" on September 7, 2018. Complaint ¶¶ 15-16, at 3.  Sanchez asserts five causes of action against the City of Albuquerque and its bus drivers: (i) negligence; (ii) negligence per se; (iii) failure to train and instruct (respondeat superior); (iv) ADA violations; and (v) punitive damages.  See Complaint ¶¶ 20-51, at 3-9.

The City of Albuquerque moves to dismiss all counts under rule 12(b)(6), arguing that Sanchez fails to state a claim upon which relief can be granted.  See MTD at 1.  The City of Albuquerque contends that Sanchez does not provide sufficient factual allegations for his claims and, even if he provides sufficient facts, that the New Mexico Tort Claims Act, N.M.S.A. §§ 41-

4-1 through 41-4-27 ("NMTCA") bars his tort claims. See MTD at 7-9. Additionally, the City of Albuquerque argues that Sanchez does not state a claim under the ADA, because he has "not alleged facts that he was excluded or denied the benefits of public transportation services, or that any such exclusion or denial constituted disability discrimination." MTD at 10. Finally, the City of Albuquerque notes that the NMTCA specifically precludes punitive damages against government entities or public employees. See MTD at 11-12; N.M.S.A. § 41-4-19(C).

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. Consequently, Sanchez' allegations must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. at 678.

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal courts "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331. There is a federal question if the case arises under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. Whether a case arises under a federal law is determined by the "well-pleaded complaint rule," Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9 (1983), specifically, when "a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)). Although a federal court must have both a constitutional and statutory basis to exercise jurisdiction over a controversy, "it is well established -- in certain classes of cases -- that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. at 552. Section 1367 grants the federal courts power to hear claims over which the court lacks original jurisdiction, if those claims are part of the same "case or controversy" as claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). See Bonadeo v. Lujan, No. CIV 08-0812, 2009 WL 1324119, at *18 (D.N.M. Apr. 30, 2009)(Browning, J.). Federal courts may exercise pendent jurisdiction over state law claims when "state and federal claims . . . derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

The City of Albuquerque removed this case, and asserts that the Court has federal-question jurisdiction over Sanchez' federal claims and supplemental jurisdiction over Sanchez' State-law claims. See Removal Notice at 2. Here, the Court has federal-question jurisdiction to consider the MTD, because Sanchez asserts an ADA violation. See Complaint ¶¶ 42-45, at 7-8. If, however, Sanchez does not state a viable claim for relief under the ADA, then the Court should decline to exercise supplemental jurisdiction over Sanchez' remaining State-law claim. See

28 U.S.C. § 1367(a).  Consequently, rather than analyzing all of Sanchez' claims, the Court will start with the ADA claim.

Sanchez alleges that the City of Albuquerque and its bus drivers violated Title II of the ADA, which states: "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied of the benefits of the services, programs, or activities of a public entity, or be subjected to such discrimination by such entity."  42 U.S.C. § 12132.  Sanchez also alleges that the City of Albuquerque and its bus drivers violated the ADA's regulations, which state, in relevant part:

> (e)  The entity shall ensure that vehicle operators and other personnel make use of accessibility-related equipment for features required by part 38 of this title.
>
>  . . . .
>
> (i)  The entity shall ensure that adequate time is provided to allow individuals with disabilities to complete boarding or disembarking from the vehicle.
>
>  . . . .
>
> (j)(3)  The entity is not required to enforce the request that the other passengers move from priority seating areas or wheelchair securement locations.

49 C.F.R. § 37.167.  Sanchez contends that, "[a]s a direct and proximate result of the negligence of the Defendants, [Sanchez] suffered injuries both temporary and permanent, to [his] body and by reason of said injuries has been required to obtain doctor and medical treatment, physical [therapy], and other professional treatments."  Complaint ¶ 45, at 8.  For this alleged violation, Sanchez asks for punitive damages, Complaint ¶¶ 46-51, at 8-9, as well as "damages resulting from pain and suffering both past and [future], loss of enjoyment of life and [other] [injuries] and damages to be proven at trial," Complaint ¶ 45, at 8.

Sanchez does not state a viable claim for relief under the ADA.  To state a claim under Title II of the ADA, Sanchez must allege: (i) that he is a qualified individual with a disability; (ii) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (iii) that such exclusion, denial of benefits, or discrimination was by reason of his disability.  See J.V. v. Albuquerque Public Schools, 813 F.3d 1289, 1295 (10th Cir. 2016).  Further, there are three way to establish a discrimination claim: (i) intentional discrimination (disparate treatment); (ii) disparate impact; and (iii) failure to make reasonable accommodations.  See J.V. v. Albuquerque Public Schools, 813 F.3d at 1295.  Sanchez' allegations that that the City of Albuquerque or its bus drivers violated the ADA are conclusory and unspecific.  Sanchez states only that a "[b]us driver intentional[ly] neglected his duties [and] [mis]represented directions to" Sanchez.  Complaint ¶ 49, at 8.  Sanchez offers no more factual allegations or clarity regarding how the City of Albuquerque or its bus drivers violated the ADA in his Response.  See Response to City of Albuquerque's Opposed Motion and Memorandum to Dismiss Plaintiff's Complaint, filed December 18, 2020 (Doc. 11).

Further, Sanchez asks for damages under the ADA.  First, however, punitive damages are not available either for Title II ADA violations, see Barnes v. Gorman, 536 U.S. 181 (2002); Hamer v. City of Trinidad, 924 F.3d 1093, 1108-09 (10th Cir. 2019), or for violations of the ADA's anti-retaliation provision, Kramer v. Banc of America Securities, LLC, 355 F.3d 961, 964-65 (7th Cir. 2004); N.T. ex rel. Trujillo v. Espanola Public Schools, No. CIV 04-0415 MCA/DJS, 2005 WL 6168483, at *13 (D.N.M. June 21, 2005)(Armijo, J.).  Second, to get compensatory damages, Sanchez must show that the City of Albuquerque or its bus drivers intended not to accommodate his disability.  See Marks v. Colorado Department of Corrections, 976 F.3d 1087, 1097 n.10 (10th

Cir. 2020). Sanchez does not state how the City of Albuquerque or its bus drivers intended to discriminate against Sanchez for his disability. See Complaint ¶¶ 1-51, at 1-9. Sanchez asserts only "a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. at 678. As a result, with respect to his ADA claim, Sanchez fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The Court will, therefore, dismiss Sanchez' ADA claim. Because dismissing Sanchez' ADA claim destroys the Court's subject-matter jurisdiction over this case, the Court will remand the remaining State-law claims.

**IT IS ORDERED** that: (i) the requests in Defendant the City of Albuquerque's Opposed Motion and Memorandum to Dismiss Plaintiff's Complaint, filed November 25, 2020 (Doc. 5), are granted with respect to Plaintiff Michael Sanchez' Count Four in the Complaint for Damages for Personal Injuries, filed November 18, 2020 (Doc. 1-2), the claim regarding violations against the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213; (ii) Plaintiff Sanchez' Count Four in the Complaint for Damages for Personal Injuries, filed November 18, 2020 (Doc. 1-2), is dismissed; and (iii) Sanchez' remaining claims in the Complaint for Damages for Personal Injuries, filed November 18, 2020 (Doc. 1-2), and the case, are remanded to Bernalillo County, Second Judicial District Court, State of New Mexico.

                                                         _____
                                                         UNITED STATES DISTRICT JUDGE

*Counsel:*

Donna Trujillo Dodd
Family Law Firm
Albuquerque, New Mexico

      *Attorney for the Plaintiff*

Esteban Aguilar, Jr.
   City Attorney
Kristin J. Dalton
   Assistant City Attorney
City of Albuquerque
Albuquerque, New Mexico

--and--

Jason Michael Burnette
German Burnette & Associate, LLC
Albuquerque, New Mexico

     *Attorneys for the Defendants*